Jewell **YOCUM** and Margie Yocum, Plaintiffs–Appellants,

v.

**PIPER AIRCRAFT CORP.,** Phoenix Aviation, Inc., Veteran Services, Inc., American Jet Leasing, Inc., and Michael J. Trueb, Defendants–Respondents.

No. 52518.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 13, 1987.

**146**

Newman & Bronson, St. Louis, for plaintiffs-appellants.

Joseph Kortenhof, St. Louis, for Phoenix Aviation, Inc.

John S. Sandberg, St. Louis, for Piper Aircraft.

John J. Horgan, St. Louis, for American Jet Leasing Inc.

CRANDALL, Judge.

Plaintiffs, Jewell Yocum and Margie Yocum, brought an action for the wrongful death of their son against defendants, Piper Aircraft Corp., Phoenix Aviation, Inc., Veteran Services, Inc., American Jet Leasing, Inc., and Michael J. Trueb. Plaintiffs appeal from the dismissal of their action against defendant, Veteran Services, Inc., for failure to state a claim upon which relief could be granted. Plaintiffs also appeal the dismissal without prejudice of their petition against the remaining defendants for improper venue. We affirm.

Plaintiffs filed their petition in the Circuit Court of the City of St. Louis. Their amended petition alleges, *inter alia*, that they are the mother and father of Ronald Yocum, who was killed when the Piper aircraft that he was operating crashed. Their pleaded theories of recovery were negligence and strict liability. Veteran Services, Inc. (Veteran) is a resident of the City of St. Louis. All other named defendants are non-residents. Plaintiffs concede that venue in the City of St. Louis as to the other defendants is pendent to their claim against Veteran. If the trial court properly dismissed as to Veteran, then plaintiffs do not contest the trial court's ruling as to improper venue.

Defendant, Veteran, filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court sustained that motion and dismissed plaintiffs' petition against Veteran. The trial court denied plaintiffs leave to amend their petition to include Veteran's actual knowledge and failure to warn of the defective stabilator trim tab system at the time of sale. The other defendants filed motions to dismiss for improper venue. The trial court subsequently dismissed plaintiffs' petition against the remaining defendants without prejudice.

On appeal, plaintiffs do not challenge the dismissal of the strict liability count in their petition. Rather, they assert that the trial court erred in dismissing the negligence count against Veteran. That count premised liability on Veteran's failure to warn or to discover that the "stabilator trim tab system was defective and dangerous in that it would lock in a fixed position." The petition further alleged that "[s]aid aircraft was thereafter sold by defendant Veterans to defendant Phoenix⸴ which sold the aircraft to Ronald Yocum, deceased...." Defendants argue that, because Veteran was not engaged in the business of selling aircraft, it had no duty under plaintiffs' negligence theory to inspect and/or to warn remote purchasers of a dangerous condition of a used product which it sold.

■ Generally, a claimant in a negligence action must establish a legal duty on the part of a defendant to conform to a certain standard of conduct to protect others against unreasonable risks. *Hill v. Air Shields Inc.*, 721 S.W.2d 112, 118 (Mo.App. 1986). In *Bruce v. Martin–Marietta Corp.*, 418 F.Supp. 837, 843 (W.D.Okl. 1975), *aff'd*, 544 F.2d 442 (10th Cir.1976), the federal district court addressed the question of whether, under Missouri law, an airline was liable under a theory of negligence for the crash of an airplane purchased and used by the airline and then sold to a dealer in aircraft who transferred the airplane prior to the crash. The court likened the position of the airline to that of a party who trades in a used car to a dealer. *Bruce*, 418 F.Supp. at 843. The court found that there was no duty owed to subsequent purchasers of the product because the former owner was too removed in the chain of ownership to be subjected to

liability for the alleged negligence which caused injury to subsequent users of the product. *Id.* at 844–45.

 Here, Veteran had not purchased the airplane in question for the purpose of resale or distribution in the stream of commerce. Veteran had used the aircraft in the course of its business and then had transferred the used airplane to Phoenix which sold it to plaintiffs' son. Veteran was merely a remote owner of the aircraft and, as such, could not be held liable to plaintiffs for the death of their son in the crash of the airplane. The trial court properly dismissed plaintiffs' negligence count against Veteran.

Plaintiffs argue that they should have been granted leave to amend their petition to include Veteran's actual knowledge of the defective stabilator trim tab system as an element of their cause of action in negligence. As noted earlier, Veteran owed no duty to subsequent purchasers to warn of a defect in a used airplane. This is true even if Veteran knew or should have known of the existing defect at the time it sold the aircraft to the dealer. Plaintiffs' pleading knowledge on the part of Veteran would not have subjected Veteran to liability in negligence and, therefore, would have been futile. We find no prejudice in the trial court's refusal to grant plaintiffs leave to amend their petition. Plaintiffs' first point is denied.

Plaintiffs next allege that a joint cause of action existed against the defendants and that venue was proper in the City of St. Louis because Veteran was a resident of St. Louis City. This point is rendered moot by our holding in Point I that the dismissal as to Veteran was proper. Plaintiffs' final point is denied.

The judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.